﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 191010-36850
DATE: June 16, 2020

ORDER

Entitlement to a total rating for compensation purposes based on unemployability due to service-connected disabilities (TDIU) from January 14, 2016 to August 19, 2016 is granted.

Entitlement to a TDIU beginning November 1, 2016 is denied.

FINDINGS OF FACT

1. The Veteran’s service-connected disabilities meet the schedular requirements for a TDIU.

2. The claim for TDIU was received on January 14, 2016.

3. Prior to his back surgery on August 19, 2016, the Veteran’s service-connected disabilities at least as likely as not precluded him from obtaining and maintaining substantial gainful employment.

4. Beginning on November 1, 2016, his service-connected disabilities were not shown to preclude him from obtaining and maintaining substantial gainful employment.

CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran’s favor, the criteria for entitlement to a TDIU from January 14, 2016 to August 19, 2016 have been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.3, 4.16, 4.18, 4.19.

2. The criteria for entitlement to a TDIU beginning November 1, 2016 have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.3, 4.16, 4.18, 4.19.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from May 1990 to September 1994.

The initial rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) was issued in July 2016.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law creates a new framework for appeals of VA decisions. AMA became effective on February 19, 2019.

After the Veteran filed a notice of disagreement with this decision in December 2016 under the Legacy system, he elected to have his appeal processed in the modernized review system. 38 C.F.R. § 19.2(d). He selected the Supplemental Claim lane when he opted into the AMA review system by submitting a Rapid Appeals Modernization Program (RAMP) election form that was received in June 2018.

The RO withdrew his appeal from the Legacy system and issued a RAMP Supplemental Claim rating decision in December 2018; the decision was not sent until January 2019. 

In May 2019, the Veteran requested the Higher-Level Review lane using Form 20-0996, but because some evidence had not been considered in the December 2018 rating decision, the RO issued another Supplemental Claim rating decision in June 2019. In October 2019, a notice of disagreement for Direct Board Review using Form 10182 was received. The Veteran did not request a Board hearing.

The Board notes that there is also an appeal in the AMA system for the denial of service connection for a psychiatric disorder, which has been addressed separately. In a separate June 2020 decision, the Board has granted service connection for an acquired psychiatric disability. A subsequent June 2020 rating decision assigned a 50 percent rating for posttraumatic stress disorder (PTSD) effective May 2, 2013. The Board may not consider the now service-connected PTSD in connection with the claim for TDIU, as the Board is limited to the evidence of record at the time of the June 2019 rating decision. 

Entitlement to a TDIU

VA will grant a TDIU when the evidence shows that a veteran is precluded from obtaining or maintaining any gainful employment consistent with his or her education and occupational experience, by reason of service-connected disabilities. 38 C.F.R. §§ 3.340, 3.341, 4.16.

A total rating for compensation purposes may be assigned where the scheduler rating is less than total when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more service-connected disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16(a). 

The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A high rating itself is recognition that the impairment makes it difficult to obtain and keep employment. The question is whether the veteran had been capable of performing the physical and mental acts required by employment, not whether the veteran can find employment. In determining whether unemployability exists, consideration may be given to the veteran’s level of education, special training and previous work experience, but not to his age or to any impairment caused by nonservice-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19; Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993).

1. Entitlement to TDIU from January 14, 2016 to August 19, 2016.

2. Entitlement to a TDIU beginning November 1, 2016.

In this case, the Veteran’s service-connected disabilities include a low back disability, bilateral lower extremity sciatic radiculopathy, bilateral knee laxity, bilateral knee arthritis, and tinnitus. These disabilities have a combined rating of 70 percent since January 22, 2009 with a temporary total rating for the low back disability in effect from August 19, 2016 to November 1, 2016. See June 2019 Rating Decision - Codesheet. Thus, the schedular requirements for a TDIU under 38 C.F.R. § 4.16(a) are met. 

The Veteran filed his claim for a TDIU and it was received on January 14, 2016. In a January 2016 statement he reported that he could not work due to his disabilities. He had constant pain from his disabilities and limited use of his right shoulder, neck pain, hearing loss and tinnitus, and sarcoidosis (a respiratory disorder) made it more difficult to breathe. He spent a lot of time driving to and from medical appointments and spent a lot of time lying in bed. He believed that if employed he would be fired due to absenteeism. See January 2016 Correspondence. Not all the disorders the Veteran attributes to his unemployability noted above are service connected and the Board is limited to only considering whether his service-connected disabilities render him unemployable. 

Records from the Social Security Administration show that he reported his previous employment involved manual labor such as carpentry, electrical work, roofing, and construction. He also reported working as an experiential instructor in a youth program from 2004 to 2007, adventure trips program director for a YMCA youth program from 2004 to 2006, and a white water rafting guide for three months in 2006. See May 2016 SSA-831 Disability Determination and Transmittal document. 

In June 2016, he also reported he worked for a veterans national service organization from August 2007 to April 2009 and that during that time he lost 256 hours of work during the 12 months before his last date of employment. He added that he was terminated from this job because he could not do the job and due to his PTSD issues. See June 2016 Request for Employment Information in Connection with Claim for Disability. 

The Veteran has a high school education plus two years of community college and a dog training certificate. He was a VA peer support specialist in 2012. See January 2016 Veterans Application for Increased Compensation Based on Unemployability and December 2018 CAPRI records.

March 2019 treatment records show his work history also includes being a bartender, waiter, and dog trainer. See June 2019 CAPRI records.

VA treatment records in January 2016 show the Veteran reported low back pain and left knee pain that was 6/10 and 7/10 in severity respectively. See February 2016 Medical Treatment Record – Non-Government Facility.

March 2016 VA treatment records shows he complained of worsening and severe back pain. He walked with Canadian crutches in part due to pain. He reported left lower extremity and low back pain that was worse with sitting and standing. He walked with a slow pace gait pattern. See July 2016 CAPRI records. 

A March 2016 letter from a Vet Center social worker stated that with treatment the Veteran’s mental health symptoms fluctuate in intensity and regularity and these include depressed mood, hypervigilance, nightmares, intrusive memories, exaggerated startle, sleep disturbance, difficulty concentrating, low frustration tolerance, feeling distant and detached from others, feeling irritability/anger, and physical and psychological reactions to reminders of the trauma. The Veteran reported difficulty following through in things, difficultly maintaining relationships, and difficulty getting and maintaining a job. More recently he had been coping with severe back and leg pain and this along with the above symptoms added to him not being able to secure employment. See June 2016 Medical Treatment Record – Non-Government Facility.

In June 2016, the Veteran reported having difficulty with his activities of daily living and pain that could be 10/10 in severity. The clinician noted that he could go from sitting to standing without difficulty and his gait was slow but steady. He was unable to flex or extend his lumbar without increased pain. See September 2016 Medical Treatment Record – Non-Government Facility.

The Veteran had VA examinations for his back and bilateral knee disabilities in June 2016. For his low back disability, he reported that his low back pain at rest was 5/10 in severity and that during flare-ups it increased to 9-10/10 with lifting, bending, carrying greater than 10 pounds, sitting longer than 30 minutes, and standing longer than 10 minutes. He also had pain radiating into his left leg with dysesthesias and fatigue/weakness/lack of endurance. His flare-ups occurred several times per week and the duration depended upon whether he was able to discontinue activity. It was aggravated when he continued to lift, bend or stay in the same position of standing or sitting. This examination also covered the Veteran’s bilateral lower extremity radiculopathy. This portion of the examination was positive for severe intermittent pain in the left lower extremity and moderate paresthesias and/or dysesthesias in the left lower extremity; the examiner indicated that overall the radiculopathy was moderate in severity. The right lower extremity was normal. Based on the examination, the clinician commented on the functional impact of the low back disability noting that he would have difficulty with any job requiring lifting, bending, prolonged standing or sitting or any physical labor. See June 2016 C&P Exam.

Concerning the June 2016 VA examination for the knees, the Veteran reported that his bilateral knee pain was 3/10 in severity at rest and that during flare-ups it increased to 8-9/10 with kneeling, bending knees, squatting, using stairs, prolonged walking/standing. He had associated weakness, lack of endurance, instability, and lack of endurance. Flare-ups occurred three to four times a day and lasted from a few minutes to a few hours depending upon his level of activity. It was aggravated with continued activity and alleviated with rest. The examination indicated there was pain on weight bearing and pain, weakness, fatigability or incoordination that significantly limited his functional ability with flare-ups. There was a history of slight lateral instability in the left lower extremity but none in the right. The examination revealed instability on the left, but none was found on the right. Based on the examination, the clinician commented on the functional impact of the Veteran’s bilateral knee disability noting that he would have difficulty with jobs requiring prolonged standing, walking or bending knees, squatting, kneeling or using stairs/ladders. See June 2016 C&P Exam.

A January 2017 treatment record shows that the Veteran had received massages since 2014 and they reduced pain and increased his ability to function and participate in daily activities. See February 2018 Congressionals.

In April 2017, the Veteran reported that had been feeling much better after the surgery in August 2016. He had a more recent exacerbation/strain while exercising that led to a referral for physical therapy, but now his pain level was 1-2/10. Although improved, he continued to have radiation into his right thigh when sitting. He participated in yoga regularly and enjoyed biking and walking. On the Quebec back pain evaluation, he reported having minimal difficulty climbing one flight of stairs and reaching up to a high shelf; it was somewhat difficult to carry two bags of groceries, pull or push heavy doors, and stand for 20 to 30 minutes; it was fairly difficult to ride in a car, walk several miles, and sit in a chair for several hours; and it was very difficult to lift and carry a heavy suitcase. See November 2018 CAPRI records.

A May 2017 treatment record notes that he had right-sided low back pain that was 5/10 in severity and that he was independent in self-care. The Veteran’s walking was limited by pain, standing was limited to 10 minutes and he was unable to stand longer than 30 minutes due to right upper thigh pain, and his pain was worse sitting in a wooden chair or car. Sitting aggravated his symptoms. See July 2018 Medical Treatment Record – Government Facility.

In a September 2017 record, a social worker noted the Veteran’s service-connected disabilities and that service connection for a mental health disability was still pending. She stated that the Veteran was unable to obtain/maintain employment. See November 2018 CAPRI records. However, the clinician does not state that this is due to the Veteran’s service-connected disabilities. 

A September 2017 social work note indicated the Veteran had not worked in several years. He had put out applications over the summer but has not gotten calls back. He stated he worked with career coaches who have told him, that because he has not worked for a long time, he is “professionally unemployable.” The social worker recommended remote work since he had a computer and would not need a car, gas, or work clothes. See November 2018 CAPRI records. He also spoke with a psychologist that month and reported that he previously worked as a peer specialist for HUD-VASH in 2012 but that he blew up at his boss due to anger and inability to trust and walked off the job. See November 2018 CAPRI records.

On November 2018 VA examination for his low back disability, the Veteran reported having continued difficulties with bending, lifting, stooping, and carrying loads. Driving and sitting for long periods has become problematic and walking distances and standing for prolonged periods was also tough. Flare-ups involved daily pain stiffness and difficulties with most activities. His lower extremity radiculopathy was manifested by moderate constant left lower extremity pain and paresthesias and/or dysesthesias, and the clinician noted that overall the radiculopathy was moderate in severity. The Veteran reported that he constantly used a cane, regularly used a brace, and occasionally used a motorized wheelchair. The impact of the low back and lower extremity radiculopathy disabilities was that he was unable to bend, stoop, or lift loads/carry loads greater than 25 pounds; pull, push, stand or sit for prolonged periods, hike, walk, or perform impact exercise. The clinician stated that he was able to perform standing work tasks with opportunities for rest/breaks, etc. See February 2019 CAPRI records.

On the June 2018 VA examination for his knees, since his last disability rating examination the Veteran endorsed worsening right knee pain with the new onset of a meniscal tear, and he wore stability braces for support. The functional impact of the disabilities on his ability to work was that he was unable to repeatedly use stairs or ladders, walk distances, perform impact exercises, hike, bike, or kneel/stoop/squat. The clinician found that he was able to perform seated work with breaks for stretching. See February 2019 CAPRI records. 

Records in November 2018 show that he went hiking and completed a Quebec Back Pain Scale questionnaire that assessed how back pain affected his daily life. He reported activities that were somewhat difficult included standing 20 to 30 minutes, sitting in chair several hours, climbing flight of stairs, walking a few blocks, and carrying two bags of groceries; activities that were fairly difficult included riding in car; very difficult activities included walking several miles and lifting/carrying heavy suitcases. See December 2018 CAPRI records. 

From January 14, 2016, the date the claim for TDIU was received, to August 19, 2016 the Board finds that the service-connected disabilities at least as likely as not prevented the Veteran from obtaining and maintaining substantial gainful employment. The Veteran had significant low back pain with frequent flare-ups with activity and radiculopathy symptoms that resulted in a lot of physical restrictions as noted on the June 2016 VA examinations and in VA treatment records. The statement from the VA social worker also indicated that the Veteran’s mental health difficulties would be an obstacle to obtaining and maintaining employment; however, the Board concludes that his service-connected physical disabilities alone likely precluded employment during his time period. Given the Veteran’s work history and level of education, the evidence is in equipoise as to whether he could perform the physical and mental tasks to maintain substantial gainful employment. Therefore, reasonable doubt is resolved in his favor and the Board finds that a TDIU is warranted from the date of the claim for TDIU to August 19, 2016. 

During the appeal, the Veteran had surgery for his low back disability on August 19, 2016 and as a result he was awarded a temporary total rating from the date of the surgery to November 1, 2016. Because he was also awarded special monthly compensation during this period, entitlement to a TDIU is moot during this period. See Bradley v. Peake, 22 Vet. App. 280, 294 (2008).

Records in February 2018, April 2018, October 2018, and March 2019 show that the Veteran was unemployed and unable to find employment, but this does not mean that he is unemployable due to his service-connected disabilities. See December 2018 and March 2019 CAPRI records and January 2019 Medical Treatment Record – Government Facility.

The record shows that once the Veteran’s convalescent period from his back surgery expired, symptoms associated with his physical disabilities significantly improved to the point where the Board finds he was no longer precluded from engaging in substantial gainful employment.

Although the Veteran still had chronic pain in his back and knees, as noted in a November 2018 treatment record and on the VA examinations, he reported in April 2017 that he was feeling much better since the surgery and that physical therapy had helped reduce his pain, which had been reduced to as low as 1-2/10. See November 2018 and February 2019 CAPRI records and November 2018 C&P Exam. 

The clinicians who performed the November 2018 VA examinations for the low back, radiculopathy, and knees noted some improvement in the amount he could lift or carry but also indicated that the Veteran was still physically restricted in other physical activities similar to what was found on his June 2016 VA examinations. However, the Board finds the restrictions regarding sitting, standing, hiking, and walking is less probative than other evidence of record.

Treatment records in March, April, July, and November 2018 and January and April 2019, show that the Veteran reported leading an active lifestyle and he enjoyed activities such as walking, biking, hiking, swimming, kayaking, and yoga. See December 2018, February 2019, and June 2019 CAPRI records and January 2019 Medical Treatment Records – Government Facility.

In July 2018, he reported that he had signed up for a military outdoor program that included a canoe trip. See January 2019 Medical Treatment Records – Government Facility. 

The Board has also considered evidence of physical limitations, such as a November 2018 treatment record that shows the Veteran reported that he had been hiking for 1 ½ miles with friends when he started to have pain. His friends eventually had to help him get back to the road because he could not weight bear. However, the Veteran indicated that he was limited due to toe pain, which was associated with a nonservice-connected disorder rather than low back or lower extremity pain. See February 2019 CAPRI records.

The evidence overall indicates his service-connected disabilities would create challenges regarding employment, but not prevent it.

A September 2017 record shows that a social worker recommended remote work since he had a computer, thus indicating he was capable of gainful employment. See November 2018 CAPRI records. In March 2019, the Veteran requested CWT help and to assess his ability to work and find employment. See March 2019 CAPRI records. An April 2019 record notes that the Veteran was interested in working outdoors; he enjoys working with animals and was certified as a professional dog trainer. Employment suggestions were given for service dog training and a contact was given to Veteran for follow up. A call was placed to the contact and at this time she is unable to pay him but if he would like to speak with her about volunteering or to learn more about Service Dog Training. The Veteran was also given information about applying to the Department of Energy and Environmental Protection. See December 2018 CAPRI records.

(Continued on the next page)

 

The Veteran’s agent argued that the Veteran tried to gain employment in a field requiring skills gained from higher levels of education to include legal research, writing, and analytical skills. His underlying psychiatric impairment prohibited him from completing the training and educational goals needed to be successful in securing sedentary gainful employment. See April 2019 Third Party Correspondence.

Despite the agent’s assertions, the Board cannot consider his service-connected PTSD and further finds that the service-connected physical disabilities do not prevent the Veteran from securing and maintaining substantial gainful employment. His two years of college and dog training certificate provide him viable job options and while he may not engage in jobs that involve strenuous physical activity, there is no indication that he could not do jobs consistent with previous employment as a peer specialist, adventure trips program director, or dog trainer. Accordingly, a preponderance of the evidence is against a TDIU beginning November 1, 2016.

 

 

S. HENEKS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Bredehorst

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.